UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CIV 9400**

JUDGE SWAIN

-----------------------------------------x

JULIE WALKER,

                                Plaintiff,

            - against -

THE CITY OF NEW YORK and PATROL
OFFICER ANTHONY AGRILLO,

                                Defendant.

-----------------------------------------x

Index No.:

CIVIL COMPLAINT

RECEIVED DEC 27 2012 U.S.D.C. S.D.N.Y. CASHIERS

## INTRODUCTION

1.    This is an action to recover money damages for general, special and punitive damages, including damages for personal injuries, pain and suffering, mental anguish, shame, humiliation, injury to reputation, loss of earnings, property damages and property losses suffered by Plaintiff Julie Walker as a result of the willful, wanton, malicious, reckless, careless and negligent conduct of Defendants City of New York, by its agents, servants and/or employees, including, and individually, Defendant, Police Officer Anthony Agrillo, and others, including but not limited to the violation of Plaintiff's constitutional and civil rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, false imprisonment, property damages and loss of Plaintiff's personal property under the laws of the State of New York, and other violations under USCA §§ 1983, 1985(3), et seq.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 42 U.S.C. 1981 and 28 U.S.C. §§ 1343 and 1367.

3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

of New York.

## NOTICE OF CLAIM

15. On or about November 22, 2011, prior to the commencement of this action, and within the time prescribed by New York State law, a sworn Notice of Claim, stating, among other things, the times and place where Plaintiff suffered damages, together with Plaintiff's demand for adjustment thereof, was duly served on behalf of Plaintiff upon the Department of Law for the City of New York and the Office of the Comptroller, the attorneys for Defendant, City of New York. Thereafter, City of New York refused or neglected for more than thirty days, and up to the commencement of this action, to make any adjustment or payment thereof and Plaintiff commenced this action within the time provided by New York State law.

16. On January 6, 2012, a statutory deposition hearing was held pursuant to section 50-h of the General Municipal Law of the State of New York at the office of the attorney for City of New York.

17. Plaintiff has complied with all conditions precedent under the laws of the State of New York to bring this action and to enforce indemnification from the City of New York on behalf of the individual Defendants, including the filing a notice of claim.

18. Plaintiff commenced this action within one year and ninety days after accrual of the cause of action, or within the time allowed by law.

## FACTUAL BACKGROUND

19. On November 15, 2011, in the early morning hours, Plaintiff was covering police activity relating to the dismantling of the protest known as "Occupy Wall Street". Plaintiff prominently displayed here press credentials on her person.

20. Plaintiff was assigned to cover the removal and/or arrests of individuals participating in a protest sit-in manifested by individuals participating in the occupation of Zuccoti Park in Lower Manhattan.

21. Plaintiff arrived in or about the vicinity of Fulton Street and Broadway at approximately 2:30 a.m. on November 15, 2011 pursuant to her press assignment.

22. On November 15, 2011 at about 2:30a.m., Plaintiff began interviewing people about the events unfolding, particularly the police action occurring in Zuccoti Park to remove demonstrators.

23. The interviews conducted by Plaintiff took place in the presence of a camera crew in or about Dey Street and Broadway in Lower Manhattan.

24. In the midst of Plaintiff engaging in interviews in the presence of a camera crew about the news events described above, Plaintiff was approached by a group of police officers. The police officers, whose names are to be determined, but are referred to herein as John and Jane Doe collectively ("police officers"), were wearing riot gear. Plaintiff was several blocks from Zuccotti Park in the vicinity of Dey Street and Broadway upon being approached.

25. The police officers ordered Plaintiff to proceed in a westerly direction and away from Dey Street and Broadway.

26. Upon being ordered to move, Plaintiff requested to speak to a Sergeant or a commanding officer, but followed the police officer's instructions.

27. Upon Plaintiff's request and as Plaintiff was following the police officer's direction, one of the police officers began pushing and shoving Plaintiff.

28. Plaintiff, thereafter upon being physically accosted, requested to see the police officer's badge number.

29. The police officer refused to provide his badge number but continued to physically jostle, shove and push Plaintiff. Immediately thereafter, Defendant, Police Officer Agrillo placed Plaintiff under arrest.

30. Defendant, Agrillo placed handcuffs on Plaintiff despite Plaintiff's attempt to communicate to Defendant, Agrillo and other Police Officers that she was covering the police raid on Zuccotti Park as a journalist for the Associated Press.

31. During the course of Plaintiff's arrest and immediately prior thereto, Plaintiff witnessed Police Officers arresting other individuals in the vicinity of Dey Street and Broadway in Lower Manhattan and being similarly physically abusive to other individuals.

32. Defendant, Anthony Agrillo and other police officers placed Plaintiff in handcuffs and paraded her south on Broadway for several blocks. Plaintiff was placed in a prisoner transport van by Defendant, Agrillo and other police officers.

33. Defendant, Agrillo and other police officers placed handcuffs on Plaintiff so tight, that Plaintiff's circulation was cut-off during the transport of Plaintiff to the police precinct. Plaintiff repeatedly requested the handcuffs to be loosened.

34. Defendant, Agrillo and other police officers refused to respond to Plaintiff's request to loosen the handcuffs during the transport to the police precinct.

35. Plaintiff was placed in a cell by Defendant, Agrillo and other police officers upon arrival at the police precinct.

36. Plaintiff was never advised the reason for her arrest detention and/or public arrest in full view of a camera crew and hundreds of witnesses.

37. Plaintiff was detained in a cell for several hours and then issued a Desk Appearance Ticket.

38. Plaintiff was charged with Disorderly Conduct and given a court date.

39. Plaintiff's personal property as well as her reporting gear was confiscated by the police officers.

40. Plaintiff received medical treatment, particularly for her back and neck pain as a result of the arrest.

## AS AND FOR THE FIRST COUNT

41. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41 inclusive, with the same force and effect as if more fully set forth herein.

42. Defendants Agrillo and other police officers acted individually and in concert, willfully, knowingly and to maliciously deprive Plaintiff of hers constitutional and civil rights secured under the Fourth Amendment of the United States Constitution, including her right not to be subjected to excessive and abusive physical force.

43. The conduct of these Defendants caused Plaintiff to sustain pain, mental anguish, shame, humiliation, injury to her reputation, loss of earnings and loss of her employment, all of which could have been avoided by the exercise of due and reasonable care on the part of these Defendants.

44. By reason of the foregoing, Plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE SECOND COUNT

45. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 45, inclusive, with the same force and effect as if more fully set forth herein.

46. Defendants Agrillo, John Doe #1 and John Doe #2 acted individually and in concert, willfully, knowingly and maliciously deprive Plaintiff of her constitutional and civil rights secured under the Fourth Amendment of the United States Constitution, including his right not to be subjected to unreasonable seizure and detention.

47. The conduct of these Defendants caused Plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to her reputation, loss of earnings, and loss of her employment, all of which could have been avoided by the exercise of due and reasonable care on the part of these Defendants.

48. By reason of the foregoing, Plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE THIRD COUNT

49. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 49, inclusive, with the same force and effect as if more fully set forth herein.

50. Defendants Agrillo, John Doe #1 and John Doe #2, acting individually and in concert, willfully, knowingly, maliciously, unlawfully and unreasonably maintained Plaintiff in custody, thereby depriving her of her constitutional and civil rights secured under the Fifth and Fourteenth Amendments of the United States Constitution, including his right not to be deprived of liberty without due process of law and his right to equal protection of the laws.

51. The conduct of the Defendants as set forth above caused Plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to her reputation, loss of earnings and loss of her employment, all of which could have been avoided by the exercise of due and reasonable care on the part of these Defendants.

52. By reason of the foregoing, Plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE FOURTH COUNT

53. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 53, inclusive, with the same force as if more fully set forth herein.

54. Defendants City of New York, Agrillo and John and Jane Doe, acting individually and in concert, wantonly, maliciously, consciously and intentionally interfered with Plaintiff's constitutional and civil rights secured under the First Amendment of the United States Constitution, including Plaintiff's right to report news and exercise rights guaranteed by the Constitution pursuant to the First Amendment.

55. The conduct of these Defendants caused Plaintiff to sustain mental anguish, shame and humiliation.

56. By reason of the foregoing, Plaintiff has suffered damages in an amount of One Million ($1,000,000) Dollars.

## AS AND FOR THE FIFTH COUNT

57. Plaintiff, repeats, reiterates and realleges each and every allegation contained in

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JULIE WALKER,

                                   Index No.:_____

                   Plaintiff,

                                   **JURY DEMAND**

    - against -

THE CITY OF NEW YORK and PATROL
OFFICER ANTHONY AGRILLO,

                   Defendant.
-------------------------------------------------------X

COUNSELORS:

    **PLEASE TAKE NOTICE,** that Plaintiff hereby demands that all issues alleged in the annexed First Amended Civil Complaint be tried by Jury.

Dated: New York, New York
         October ___, 2012

                                           Yours, etc.,

                                           Law Offices of Jack L. Lester, Esq.
                                           Attorneys for Plaintiff Julie Walker
                                           99 Park Avenue, Suite 330
                                           New York, NY 10016
                                           212-832-5357

                             By: _____
                                 Jack L. Lester, Esq.

To:

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

JULIE WALKER, being duly sworn, deposes and says:

1. Deponent is the Plaintiff in the above-captioned action.

2. Deponent has read the foregoing CIVIL COMPLAINT and knows the contents thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, deponent believes them to be true.

_____
JULIE WALKER

Sworn to before me on this
27th day of November, 2012.

_____
Notary Public

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified in New York County
Commission Expires Nov. 26, 2015